### WILLIAM L. SMITH *vs.* LUTHER HILL.

Debts purchased with knowledge of the debtor's insolvency, and reason to believe he is about to go or be driven into insolvency, and notice to the debtor of the purchase, cannot be set off in an action by the assignee in insolvency upon a debt due from the purchaser to the debtor.

ACTION OF CONTRACT by the assignee in insolvency of Francis W. Kibbe, on several promissory notes. The parties stated this case:

On the 13th of November 1855 Kibbe, being a trader in Springfield, in embarrassed circumstances and unable to pay his debts, proposed to the defendant to buy out his stock in trade; and the defendant agreed to do so, and to give his notes therefor, upon condition that they should be placed by Kibbe in the hands of a third party for the equal benefit of his creditors, and in order to avoid any question as to the legality of the sale. The notes in suit were accordingly given, and placed in the hands of an attorney, who accepted the trust; and many of Kibbe's creditors, at the suggestion of Kibbe and the defendant, sent their claims to the attorney to receive their proportion of the proceeds of the notes.

On the 28th of January 1856 Kibbe applied for the benefit of the insolvent laws, and the plaintiff was afterwards appointed his assignee, and obtained these notes from the attorney with whom they had been deposited.

The defendant, after purchasing Kibbe's stock, and before the first publication of notice of the commencement of the proceedings in insolvency, knowing Kibbe to be insolvent, and having reason to believe that he was about to go or be driven into insolvency, purchased and took assignments of sundry debts owing from Kibbe to other persons, at from forty to fifty cents on the dollar; and gave notice to Kibbe of such purchases and assignments.

The defendant claims to be allowed to set off the whole amount of those debts in this action. But the plaintiff denies

his right to set off any part of them, and contends that he can at most set off only the sums actually paid by him.

*W. L. Smith, pro se,* ( *G. Walker* with him.)

*P. C. Bacon,* for the defendant. Under the St. of 1838, *c.* 163, § 3, (which had not been modified by *St.* 1856, *c.* 284, § 28, when these transactions took place,) all mutual debts and demands existing at the time of the first publication of notice are to be set off, in whatever form of proceeding the question is presented. *Bemis* v. *Smith,* 10 Met. 194. *Demmon* v. *Boylston Bank,* 5 Cush. 194. *Aldrich* v. *Campbell,* 4 Gray, 286, and cases cited. *Ex parte Blagden,* 19 Ves. 467. *Ex parte Stephens,* 11 Ves. 28. These demands might have been set off at law; for by the Rev. Sts. *c.* 96, §§ 5, 11, equitable demands assigned, with notice to the debtor before the commencement of an action, may be set off as if originally payable to the assignee. *Commonwealth* v. *Phœnix Bank,* 11 Met. 136. The defendant was a purchaser for valuable consideration of the debts attempted to be set off, and, being the *bona fide* owner of them at the time of the first publication, could have proved them in insolvency in his own name. The plaintiff stands in no better situation than Kibbe would have stood, had he not applied for the benefit of the insolvent law. *Briggs* v. *Parkman,* 2 Met. 258. *Mitchell* v. *Winslow,* 2 Story R. 630. *Mitford* v. *Mitford,* 9 Ves. 100.

The defendant, owning these debts in his own right, and not under any fraudulent trust, is not deprived of his right of set-off by his knowledge, when he took them, of Kibbe's insolvency, and reason to believe that he was about to go or be driven into insolvency. *Sts.* 5 G. 2, *c.* 30, § 28; 46 G. 3, *c.* 135, § 3; 6 G. 4, *c.* 16, § 50. *Sts.* 1838, *c.* 163, § 3; 1856, *c.* 284, § 28. *Fair* v. *M'Iver,* 16 East, 139. *Hawkins* v. *Whitten,* 10 B. & C. 217. *Lackington* v. *Combes,* 6 Bing. N. C. 71. *Aldrich* v. *Campbell,* 4 Gray, 286.

The decision was made at Boston in June 1858.

DEWEY, J. This case discloses a purchase of demands against an insolvent debtor under circumstances that should prevent the purchaser from availing himself of them in set-off against a debt due from him to the insolvent and sought to be

recovered by the assignee of the insolvent for the purposes of general distribution among his creditors. The present case dif fers from that of *Aldrich* v. *Campbell*, 4 Gray, 284, where such purchase was made in good faith, and unaccompanied by circumstances tending to show a knowledge that the purchase would operate to defeat the purposes and provisions of the insolvent laws. · The whole arrangement made by this defendant in the transactions between him and the insolvent, preceding and connected with the purchase of these demands from creditors of the insolvent, indicates a purpose to interfere with the proper distribution of the estate of the insolvent, and is contrary to the spirit of the insolvent laws.

To allow this set-off would not be consonant with equity or justice to the parties interested; would directly tend to defeat an equitable distribution of the assets among the creditors generally; and would enable a debtor of an insolvent — one notoriously so, and who was about to become the subject of proceedings in insolvency — to give a preference to such creditors of the insolvent as he might be disposed to favor, making their debts available to the whole amount due, if the purchaser pleased to take them at that rate, as he might well do if he was to be allowed their full amount as an available set-off against his own debt to the insolvent; or, what would be equally objectionable, to allow the debtors of the insolvent to discharge their liabilities by a set-off acquired by purchasing the depreciated debts of the insolvent at a large discount from their nominal amount.

The *St.* of 1856, *c.* 284, § 28, directly forbidding such a set-off as this, was enacted too late to affect this transaction. But independently of that provision, in our opinion this claim for set-off should be refused.

We do not say that the party holding such demands by purchase from some of the creditors may not properly file the same as debts due from the insolvent, and receive his *pro rata* distributive share of the assets. That would do no injustice to the other creditors. *Set off denied*